IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOSHUA ZUNIGA                                                                           PETITIONER

v.                                    NO. 2:18-cv-00165 BSM/PSH

D. HENDRIX                                                                              RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

The record reflects that petitioner Joshua Zuniga ("Zuniga") was sentenced in the United States District Court for the Middle District of Georgia to the custody of the Federal Bureau of Prisons ("BOP") for a term of forty-six months. It was recommended that he participate in the Residential Drug Abuse Program ("RDAP") while confined.

Zuniga came to be housed at the Federal Correctional Complex in Forrest City, Arkansas, where he participated in the RDAP. His time in the RDAP did not go well. On several occasions, he was counseled about his behavior. For example, an RDAP Administrative Note reflects the following:

> Mr. Zuniga was teamed by Dap staff on 10-11-2017 for a second time for displaying manipulating behavior and continued conflict with others. This type of behavior appears to be a pattern with frequent negative interactions with his peers. Dap staff reminded Mr. Zuniga that being a part of a community takes compromise and willingness to confront and level [sic] and avoid antagonizing others for self-gratification. Mr. Zuniga's continued behavior will be monitored for improvements and he will be given treatment activities that will challenge his irrational behaviors.

See Docket Entry 14, Exhibit 4 at CM/ECF 3. Things did not improve, and Zuniga was eventually expelled from the RDAP. An RDAP Administrative Note reflects the following:

> On January 11th 2018, Mr. Zuniga was expelled from RDAP for using loaded words and displaying aggressive behavior towards peers. He has had other incidents involving this same behavior towards others while in RDAP. Mr. Zuniga was advised to take advantage of resources and programs offered by the institution while he awaits to re-enter the program.

See Id. at CM/ECF 5. An RDAP Discharge Note offers additional details about his expulsion; the Note provides the following:

> Inmate ZUNIGA was expelled from RDAP due to a lack of progress in treatment, a lack of displaying the attitudes of caring/honesty and being involved in various verbal confrontations with other RDAP participants that could have escalated if staff and/or his peers did not intervene.
>
> He has been seen by the treatment team on more than one occasion to discuss this behavior. He has demonstrated a pattern of dishonesty, sentimentality and/or mollification when addressed by staff and has received redirection for this behavior.
>
> However, he has not exhibited significant improvement and his behavior has negatively impacted other RDAP participants. He is aware that he may reapply for RDAP in 90 days.

See Id. at CM/ECF 4. A Change in RDAP and Section 3621(e) Status form was prepared by an RDAP Coordinator on the day of Zuniga's expulsion. In the form, the Coordinator represents that he had the following discussion with Zuniga:

> I/M Zuniga accused of loaded words toward his peers and displayed aggressiveness with his peers. Inmate stated, "I may have been accused of hitting my cellmate." I/M denied all accusations. However, later admitted bad words and aggressive behavior. I/M continued to minimize and lack receptiveness to treatment as he did not believe his behavior was an issue due to "no one saying anything to (him)" and other people do it. I/M was advised how to reapply in 90 days.

See Id. at CM/ECF 7.

Zuniga challenged his expulsion from the RDAP by filing the petition at bar, one pursuant to 28 U.S.C. 2241. In the petition, he offered two reasons why his expulsion was improper: (1) he was expelled without first receiving a treatment intervention, hearing, or formal warning; and (2) a similarly situated inmate engaged in the same behavior and was not expelled.[1]

---

[1] Zuniga actually offered three reasons why his expulsion was improper. His first and third reasons, though, are substantially the same reason.

3

Respondent D. Hendrix ("Hendrix") filed a response to the petition. In the response, he maintained that the petition should be dismissed because the federal courts lack subject matter jurisdiction to review the discretionary decision to expel Zuniga from the RDAP and, alternatively, Zuniga does not have a statutory or constitutional right to participate in the RDAP.

Zuniga filed a reply to Hendrix's submission. Zuniga maintained in the reply that although the federal courts are generally barred from reviewing discretionary determinations made by the Federal Bureau of Prisons ("BOP"), the courts have jurisdiction to review claims that the BOP acted contrary to federal law, violated the Constitution, or exceeded the BOP's statutory authority. He maintained that he raised those types of claims in his petition. He also appeared to acknowledge that he has no statutory or constitutional right to participate in the RDAP, but the right, once extended, cannot be withdrawn unless the appropriate steps are taken.

In Lipczynski v. Marques, 2018 WL 4956717 (D.Minn. 2018), report and recommendation adopted, 2018 WL 4955236 (D.Minn. 2018), a federal inmate was expelled from the RDAP after he was formally warned about his repetitive behavioral problems.[2] He challenged his expulsion by filing a petition pursuant to 28 U.S.C. 2241. The Government opposed the petition for the following reasons:

> … the Petition should be dismissed for lack of subject-matter jurisdiction because the BOP's discretionary decision regarding [his] expulsion from RDAP and ineligibility for early release are exempt from judicial review. … In the alternative, … [he] was properly expelled from RDAP, and he has no constitutional or statutory right to participate in RDAP or to an early release. …

---

[2] The undersigned will forego a summary of the RDAP. An adequate summary of the RDAP is provided in Lipczynski.

4

<u>See</u> 2018 WL 4956717, 2. United States District Judge Nancy Brasel adopted the report and recommendation of United States Magistrate Judge Becky Thorson and agreed with the Government, finding the following:

> As the Ninth Circuit explained in a case involving expulsion from RDAP, a prisoner's claim "that he was wrongfully expelled from RDAP, as well as his request for reinstatement into RDAP and for a twelve-month reduction in his sentence, are matter properly left to the BOP's discretion." <u>Reeb v. Thomas</u>, 636 F.3d 1224, 1227 (9th Cir. 2011). This is because "federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. 3621." <u>Reeb</u>, 636 F.3d at 1228. And "[a]lthough judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority, Reeb's habeas petition alleges only that the BOP erred in his particular case." <u>Id</u>. Similar to the claim in <u>Reeb</u>, Petitioner "challenges the BOP's decision to expel him from RDAP" and asserts "that the BOP erred in his particular case." <u>Id</u>. Therefore, this Court lacks jurisdiction to review Petitioner's expulsion from RDAP.
>
> …
>
> Even if the Court had jurisdiction to review Petitioner's expulsion, the petition should still be denied on the merits because Petitioner does not have a statutory or constitutional right to participate in RDAP.

<u>See</u> <u>Id</u>. at 5.

<u>Lipczynski</u> and the case at bar involve substantially similar facts and allegations. Here, Zuniga was counseled on more than one occasion about his poor attitude and disruptive words and behavior. He was warned about the need to conform his conduct to the requirements of the RDAP. He continued, though, to minimize his behavior and lacked receptiveness to treatment, believing his behavior was not an issue because no one confronted him about it and other inmates were engaging in the same behavior. When his attitude, words, and behavior did not change, he was expelled from the RDAP.

5

It is possible that the counseling Zuniga received did not involve "treatment intervention," a hearing, or a formal warning.[3] The undersigned is not prepared to find, though, that his alleged failure to receive "treatment intervention," a hearing, or a formal warning means his expulsion was contrary to federal law, violated the Constitution, or exceeded the BOP's statutory authority. Strain as he might to couch his claim in some other fashion, it is nothing more than an allegation that the BOP erred in this instance by expelling him from the RDAP. As Lipczynski makes clear, the federal courts lack subject matter jurisdiction to review an expulsion in such an instance.

Even if the federal courts have jurisdiction to review Zuniga's expulsion from the RDAP in this instance, his petition warrants no relief. In Lipczynski, Judge Brasel observed that "inmates may be removed from [the] RDAP because of disruptive behavior related to the program or unsatisfactory progress in treatment." See 2018 WL 4956717, 5. Here, Zuniga was expelled from the RDAP for those very reasons. Moreover, Judge Brasel found that neither the Due Process Clause nor 18 U.S.C. 3621(e)(2)(B) create a liberty interest in receiving a sentence reduction upon completion of the RDAP. Thus, Zuniga does not have a protected liberty interest in either RDAP participation or in the associated discretionary earlier release benefit.[4]

In conclusion, the federal courts lack jurisdiction to review Zuniga's expulsion from the RDAP and, alternatively, his petition warrants no relief. It is therefore recommended that his petition be dismissed. All requested relief should be denied, and judgment should be entered for Hendrix.

---

[3] It is not clear what "treatment intervention" involves.

[4] Zuniga alleges that a similarly situated inmate engaged in the same behavior and was not expelled from the RDAP. Zuniga offers nothing, though, to support his allegation.

DATED this 9th day of April, 2019.

                                                UNITED STATES MAGISTRATE JUDGE